WILDMAN, HARROLD, ALLEN & DIXON LLP
Clinton J. McCord (SBN 204749)
9665 Wilshire Boulevard, Suite 200
Los Angeles, CA 90212
Telephone: (310) 860-8700
Facsimile: (310) 860-3800

Attorneys for Defendant ILD
Telecommunications, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| THE DOMINIC COREA LIMITED PARTNERSHIP d/b/a ROMA D'ITALIA, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ILD TELECOMMUNICATIONS, INC., a Delaware Corporation, d/b/a ILD TELESERVICES, INC.; ADVANCED BUSINESS SERVICES, LLC, a Utah Limited Liability Company; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. CV-09-7433 GHK (CTx)<br>JUDGE GEORGE H. KING<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT ILD TELECOMMUNICATIONS, INC.**<br><br><br>ACTION REMOVED: 10/14/2009 |

Defendant ILD Telecommunications, Inc. ("ILD"), through undersigned counsel, in answer to the specifically enumerated allegations of Plaintiff's Complaint, ILD responds as follows:

1. Paragraph 1 of the Complaint states a legal conclusion which ILD is not required to admit or deny.

**ANSWER**

2010017v1                    1

2. ILD denies the allegations in paragraph 2 of the Complaint.

3. ILD is without sufficient information to admit or deny the first two sentences of paragraph 3 of the Complaint. ILD denies the remainder of the allegations in paragraph 3 of the Complaint.

4. ILD is without sufficient information to admit or deny the first three sentences of paragraph 4 of the Complaint. ILD denies, as stated, the remaining allegations in paragraph 4 of the Complaint.

5. In response to the allegations in paragraph 5 of the Complaint, ILD admits that it is a Delaware corporation with its principal place of business in Ponte Vedra Beach, Florida and that it is a billing clearinghouse and aggregator. ILD denies the remaining allegations in paragraph 5 of the Complaint.

6. ILD admits the allegations in paragraph 6 of the Complaint.

7. ILD is without sufficient information to admit or deny the allegations of paragraph 7 of the Complaint.

8. ILD denies the allegations in paragraph 8 of the Complaint.

9. In response to the allegations in paragraph 9 of the Complaint, the document referenced speaks for itself. Any allegation in paragraph 9 contrary to or inconsistent with the terms of the document is denied.

10. ILD denies the allegations in paragraph 10 of the Complaint.

11. ILD denies the allegations in paragraph 11 of the Complaint.

12. In response to the allegations in paragraph 12 of the Complaint, ILD is without sufficient information to admit or deny what the FCC and internet complaints allege. ILD denies that it has engaged in, or is responsible for, cramming.

13. ILD denies the allegations in paragraph 13 of the Complaint.

14. ILD denies the allegations in paragraph 14 of the Complaint.

15. ILD denies the allegations in paragraph 15 of the Complaint.

16. ILD denies the phone bills contained unauthorized charges. ILD is without sufficient information to admit or deny the remaining allegations of paragraph 16 of the Complaint.

17. ILD denies the phone bills contained unauthorized charges. ILD is without sufficient information to admit or deny the remaining allegations of paragraph 17 of the Complaint.

18. ILD is without sufficient information to admit or deny the allegations of paragraph 18 of the Complaint.

19. ILD is without sufficient information to admit or deny the allegations of paragraph 19 of the Complaint.

20. ILD is without sufficient information to admit or deny the allegations of paragraph 20 of the Complaint.

21. ILD is without sufficient information to admit or deny the allegations in the first sentence of paragraph 21 of the Complaint. ILD admits that it has no record of any communication with Plaintiff. ILD denies the remaining allegations in paragraph 21.

22. In response to the allegations in paragraph 22 of the Complaint, ILD asserts that the document speaks for itself and that any allegation contrary to or inconsistent with the terms of the document are expressly denied. ILD denies the remaining allegations in paragraph 22 of the Complaint.

23. ILD denies the allegations in paragraph 23 of the Complaint.

24. ILD denies the allegations in paragraph 24 of the Complaint.

25. ILD denies that this case is an appropriate class action and that Plaintiff and putative class members have a valid claim against ILD.

26. ILD denies the allegations in paragraph 26 of the Complaint.

27. The allegations in paragraph 27 of the Complaint do not require a response from ILD.

28. ILD denies the allegations in paragraph 28 of the Complaint.

29. ILD denies the allegations in paragraph 29 of the Complaint.

30. ILD denies the allegations in paragraph 30 of the Complaint.

31. ILD denies the allegations in paragraph 31 of the Complaint.

32. ILD denies the allegations in paragraph 32 of the Complaint.

33. ILD denies the allegations in paragraph 33 of the Complaint.

<u>FIRST CAUSE OF ACTION</u>

34. ILD incorporates by reference its response to paragraphs 1 to 33 of the Complaint as if fully set forth herein.

35. Paragraph 35 of the Complaint states a legal conclusion which ILD is not required to admit or deny.

36. ILD denies the allegations in paragraph 36 of the Complaint.

37. ILD denies the allegations in paragraph 37 of the Complaint.

38. ILD denies the allegations in paragraph 38 of the Complaint.

39. ILD denies the allegations in paragraph 39 of the Complaint.

40. ILD denies the allegations in paragraph 40 of the Complaint.

41. ILD denies the allegations in paragraph 41 of the Complaint.

<u>SECOND CAUSE OF ACTION</u>

42. ILD incorporates by reference its response to paragraphs 1 to 41 of the Complaint as if fully set forth herein.

43. Paragraph 43 of the Complaint states a legal conclusion which ILD is not required to admit or deny. ILD denies that it has violated California law.

44. Paragraph 44 of the Complaint states a legal conclusion which ILD is not required to admit or deny. ILD denies that it has violated California law.

45. Paragraph 45 of the Complaint states a legal conclusion which ILD is not required to admit or deny. ILD denies that it has violated California law.

46. ILD denies the allegations in paragraph 46 of the Complaint.

47. ILD denies the allegations in paragraph 47 of the Complaint.

48. ILD is without sufficient information to admit or deny the allegations of paragraph 48 of the Complaint.

## THIRD CAUSE OF ACTION

49. ILD incorporates by reference its response to paragraphs 1 to 48 of the Complaint as if fully set forth herein.

50. ILD denies the allegations in paragraph 50 of the Complaint.

51. ILD denies the allegations in paragraph 51 of the Complaint.

52. ILD denies the allegations in paragraph 52 of the Complaint.

## FOURTH CAUSE OF ACTION

53. ILD incorporates by reference its response to paragraphs 1 to 52 of the Complaint as if fully set forth herein.

54. ILD denies the allegations in paragraph 54 of the Complaint.

55. ILD denies the allegations in paragraph 55 of the Complaint.

56. ILD denies the allegations in paragraph 56 of the Complaint.

57. ILD denies the allegations in paragraph 57 of the Complaint.

58. To the extent any allegation in the Complaint has not been specifically admitted herein, it is hereby denied. ILD further denies that Plaintiff is entitled to any relief whatsoever.

WHEREFORE, ILD requests an order:

A. Dismissing Plaintiff's Complaint and every claim therein with prejudice;

B. Entering judgment against Plaintiff and in favor of ILD;

C. Denying Plaintiff any damages;

D. An award of all allowable penalties, costs, interest and fees (including attorneys' fees); and

E. Awarding such further and additional relief as this Court deems just and equitable.

# AFFIRMATIVE DEFENSES

### First Affirmative Defense

This Court lacks personal jurisdiction over ILD.

### Second Affirmative Defense

The Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### Third Affirmative Defense

The Plaintiff has failed to mitigate its damages, if any.

### Fourth Affirmative Defense

The Plaintiff's claims are barred by the doctrine of primary jurisdiction.

### Fifth Affirmative Defense

The Plaintiff's claims should be denied as moot.

### Sixth Affirmative Defense

The Plaintiff's claims are barred in whole or in part by the doctrine of preemption.

### Seventh Affirmative Defense

The Plaintiff's claims are barred by failure to exhaust administrative remedies.

### Eighth Affirmative Defense

The Plaintiff's claims are barred in whole or in party by the statute of limitations.

### Ninth Affirmative Defense

The Plaintiff has failed to join a necessary party.

### Tenth Affirmative Defense

Plaintiff's claims are barred by the doctrines of ratification, consent and acquiescence.

### Eleventh Affirmative Defense

Plaintiff's claims are barred by the applicable statute of limitations.

## Twelfth Affirmative Defense

Plaintiff's claims are barred by waiver, estoppel, laches, and/or his own inequitable conduct.

## Thirteenth Affirmative Defense

The alleged common questions of law and fact are not substantially similar and do not predominate over questions affecting the individual members.

## Fourteenth Affirmative Defense

The named Plaintiff is not an adequate representative of the alleged class that Plaintiff seeks to represent.

## Fifteenth Affirmative Defense

Plaintiff cannot satisfy the Fed.R.Civ.P. 23 requirements.

## Sixteenth Affirmative Defense

Plaintiff's claims are barred by the voluntary payment doctrine.

## Seventeenth Affirmative Defense

Plaintiff's Complaint is barred in whole or in part by the due process clause of the United States and California Constitution in that it seeks restitution or other monetary relief on behalf of absent parties.

## Eighteenth Affirmative Defense

ILD alleges that it has performed all obligations on its part except those obligations that it was excused from performing, and that by reason thereof, Plaintiff is barred from any recovery from ILD.

## Nineteenth Affirmative Defense

ILD alleges that the business practices relating to the allegations in Plaintiff's Complaint are fair.

## Twentieth Affirmative Defense

ILD alleges that the benefit of the business practices relating to the allegations in Plaintiff's Complaint outweigh the harm or impact practices may cause to Plaintiff.

**ANSWER**

Twenty-First Affirmative Defense

ILD's conduct is not deceptive within the meaning of Cal. Bus. & Prof. Code § 17200.

Twenty-Second Affirmative Defense

Plaintiff lacks standing to assert the claims in the Complaint.

DATED: October 21, 2009

Respectfully submitted,

ILD Telecommunications, Inc.

By: /s/ Clinton J. McCord
WILDMAN, HARROLD, ALLEN & DIXON LLP
Clinton J. McCord
(mccord@wildman.com)
9665 Wilshire Boulevard, Suite 200

# CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT ILD TELECOMMUNICATIONS, INC.** was served upon all counsel of record in this case, via the Court's electronic filing system and pursuant to L.R. 5-3.3, on October 21, 2009. The undersigned further certifies that a true and correct copy of the document was served by depositing the document into the United States Mail for delivery to the following addressee (counsel for Defendant Advanced Business Services, LLC):

Andrew B. Lustigman
The Lustigman Firm, P.C.
149 Madison Avenue; Suite 805
New York, NY 10016

                                          /s/ Clinton J. McCord