**THE LUSTIGMAN FIRM, P.C.**
ANDREW B. LUSTIGMAN (pro hac)
149 Madison Avenue, Suite 805
New York, New York 10016
Telephone: (212) 683-9180
Telefax: (212) 683-9181

D. Jay Ritt, State Bar No. 138661
**BENSINGER, RITT, TAI & THVEDT**
A Limited Liability Partnership
65 North Raymond Avenue, Suite 320
Pasadena, California 91103
Telephone: (626) 685-2550
Telefax: (626) 685-2562

Attorneys for Defendant ADVANCED BUSINESS
SERVICES, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE DOMINIC COREA LIMITED PARTNERSHIP d/b/a ROMA D'ITALIA, and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ILD TELECOMMUNICATIONS, INC., a Delaware corporation, d/b/a ILD TELESERVICES, INC.; ADVANCED BUSINESS SERVICES, LLC, a Utah limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | **Case No. CV 09-7433-GHK (CTx)**<br><br>Honorable George H. King,<br>Courtroom 650<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT ADVANCED BUSINESS SERVICES, LLC TO PLAINTIFF'S COMPLAINT** |

Defendant Advanced Business Services, LLC ("ABS"), through undersigned counsel, in answer to the specifically enumerated allegations of Plaintiff's Complaint, ABS responds as follows:

1. Paragraph 1 of the Complaint states a legal conclusion which ABS is not required to admit or deny.

2. Paragraph 2 of the Complaint states a legal conclusion which ABS is not required to admit or deny. Responding further, ABS admits that it does not have a designated principal office in California. Responding further, ABS denies knowledge or information sufficiently to form a belief as to truth of the remainder of the allegations in paragraph 2 of the Complaint.

3. ABS is without sufficient information to admit or deny the first two sentences of paragraph 3 of the Complaint. ABS denies the remainder of the allegations in paragraph 3 of the Complaint.

4. ABS admits that it utilizes ILD to provide billing services to customers who order its services. ABS denies the remaining allegations in paragraph 4 of the Complaint.

5. ABS is without sufficient information to admit or deny the allegations of paragraph 5 of the Complaint.

6. ABS is without sufficient information to admit or deny the allegations of paragraph 6 of the Complaint.

7. ABS is without sufficient information to admit or deny the allegations of paragraph 7 of the Complaint.

8. ABS denies the allegations in paragraph 8 of the Complaint.

## BACKGROUND AND NATURE OF THE ACTION

9. In response to the allegations in paragraph 9 of the Complaint, the document referenced speaks for itself. Any allegation in paragraph 9 contrary to or inconsistent with the terms of the document is denied.

10. ABS denies the allegations in paragraph 10 of the Complaint.

11. ABS is without sufficient information to admit or deny the allegations in paragraph 11 of the Complaint.

12. In response to the allegations in paragraph 12 of the Complaint, ABS is without sufficient information to admit or deny what the FCC and the referenced Internet complaints allege and what complaints the FCC has received. ABS denies that it has engaged in, or is responsible for, cramming.

13. ABS is without sufficient information to admit or deny the allegations in paragraph 13 of the Complaint referring to ILD's actions. ABS denies the remaining allegations in paragraph 13 of the Complaint.

14. ABS denies the allegations in paragraph 14 of the Complaint.

15. ABS denies the allegations in paragraph 15 of the Complaint.

## **SPECIFIC FACTUAL ALLEGATIONS**

16. ABS is without sufficient information to admit or deny the allegations of paragraph 16 of the Complaint.

17. ABS denies the phone bill contained unauthorized charges. ABS is without sufficient information to admit or deny the remaining allegations of paragraph 17 of the Complaint.

18. ABS denies the phone bills contained unauthorized charges. ABS is without sufficient information to admit or deny the remaining allegations of paragraph 18 of the Complaint.

19. ABS denies the allegations in paragraph 19 of the Complaint.

20. ABS is without sufficient information to admit or deny the allegations of paragraph 20 of the Complaint.

21. ABS is without sufficient information to admit or deny the allegations of paragraph 21 of the Complaint.

22. In response to the allegations in paragraph 22 of the Complaint, ABS asserts that the document speaks for itself and that any allegation contrary to or inconsistent with the terms

of the document are expressly denied. ABS is without sufficient information to admit or deny the remaining allegations in paragraph 22 of the Complaint.

23. ABS denies the allegations in paragraph 23 of the Complaint.

24. ABS denies the allegations in paragraph 24 of the Complaint.

## CLASS ACTION ALLEGATIONS

25. ABS denies the allegation in paragraph 25 of the Complaint that this case is an appropriate class action and that Plaintiff and putative class members have a valid claim against ABS.

26. ABS denies the allegations in paragraph 26 of the Complaint.

27. The allegations in paragraph 27 of the Complaint are purported statements of law and do not require a response from ABS except that ABS denies that this case is an appropriate class action and that Plaintiff and any putative class members have a valid claim against ABS.

28. ABS denies the allegations in paragraph 28 of the Complaint.

29. ABS denies the allegations in paragraph 29 of the Complaint.

30. ABS denies the allegations in paragraph 30 of the Complaint.

31. ABS denies the allegations in paragraph 31 of the Complaint.

32. ABS denies the allegations in paragraph 32 of the Complaint.

33. ABS denies the allegations in paragraph 33 of the Complaint.

## FIRST CAUSE OF ACTION

34. ABS incorporates by reference its response to paragraphs 1 to 33 of the Complaint as if fully set forth herein.

35. Paragraph 35 of the Complaint states a legal conclusion which ABS is not required to admit or deny. To the extent any response is required, the law referenced speaks for itself and any allegations contrary to or inconsistent with the law are expressly denied.

36. ABS denies the allegations in paragraph 36 of the Complaint.

37. ABS denies the allegations in paragraph 37 of the Complaint.

38. ABS denies the allegations in paragraph 38 of the Complaint.

ANSWER TO COMPLAINT BY ADVANCED BUSINESS SERVICES, LLC

39. ABS denies the allegations in paragraph 39 of the Complaint.

40. ABS denies the allegations in paragraph 40 of the Complaint.

41. ABS denies the allegations in paragraph 41 of the Complaint.

## SECOND CAUSE OF ACTION

42. ABS incorporates by reference its response to paragraphs 1 to 41 of the Complaint as if fully set forth herein.

43. Paragraph 43 of the Complaint states a legal conclusion which ABS is not required to admit or deny. To the extent any response is required, the law referenced speaks for itself and any allegations contrary to or inconsistent with the law are expressly denied.

44. Paragraph 44 of the Complaint states a legal conclusion which ABS is not required to admit or deny. To the extent any response is required, the law referenced speaks for itself and any allegations contrary to or inconsistent with the law are expressly denied.

45. Paragraph 45 of the Complaint states a legal conclusion which ABS is not required to admit or deny. To the extent any response is required, the law referenced speaks for itself and any allegations contrary to or inconsistent with the law are expressly denied.

46. ABS denies the allegations in paragraph 46 of the Complaint.

47. ABS is without sufficient information to admit or deny the allegations of paragraph 47 of the Complaint.

48. ABS denies the allegations in paragraph 48 of the Complaint.

## THIRD CAUSE OF ACTION

49. ABS incorporates by reference its response to paragraphs 1 to 48 of the Complaint as if fully set forth herein.

50. ABS denies the allegations in paragraph 50 of the Complaint.

51. ABS denies the allegations in paragraph 51 of the Complaint.

52. ABS denies the allegations in paragraph 52 of the Complaint.

## FOURTH CAUSE OF ACTION

53. ABS incorporates by reference its response to paragraphs 1 to 52 of the Complaint as if fully set forth herein.

54. ABS denies the allegations in paragraph 54 of the Complaint.

55. ABS denies the allegations in paragraph 55 of the Complaint.

56. ABS denies the allegations in paragraph 56 of the Complaint.

57. ABS denies the allegations in paragraph 57 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

ABS asserts the following affirmative defenses without assuming the burden of proof or persuasion as to such defenses that would otherwise rest on plaintiff.

### First Affirmative Defense

This Court lacks personal jurisdiction over ABS.

### Second Affirmative Defense

The Plaintiff's Complaint and each and every cause of action contained therein, fails to state facts sufficient to constitute a claim upon which relief can be granted against this answering Defendant.

### Third Affirmative Defense

The Plaintiff has failed to mitigate its damages, if any.

### Fourth Affirmative Defense

The Plaintiff's claims are barred by the doctrine of primary jurisdiction.

### Fifth Affirmative Defense

The Plaintiff's claims should be denied as moot.

### Sixth Affirmative Defense

The Plaintiff's claims are barred, in whole or in part, by the doctrine of preemption.

### Seventh Affirmative Defense

The Plaintiff's claims are barred by failure to exhaust administrative remedies.

### Eighth Affirmative Defense

The Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### Ninth Affirmative Defense

The Plaintiff has failed to join a necessary party.

### Tenth Affirmative Defense

Plaintiff's claims are barred by the doctrines of ratification, consent and acquiescence.

### Eleventh Affirmative Defense

Plaintiff's claims are barred by waiver, estoppel, laches and/or its own inequitable conduct.

### Twelfth Affirmative Defense

The alleged common questions of law and fact are not substantially similar and do not predominate over questions affecting the individual members.

### Thirteenth Affirmative Defense

The named Plaintiff is not an adequate representative of the alleged class that Plaintiff seeks to represent.

### Fourteenth Affirmative Defense

This action may not be maintained as a class action because Plaintiff cannot satisfy the Fed.R.Civ.P. 23 requirements.

### Fifteenth Affirmative Defense

Plaintiff's claims are barred by the voluntary payment doctrine.

### Sixteenth Affirmative Defense

Plaintiff's Complaint is barred, in whole or in part, by the due process clause of the United States and California Constitution in that it seeks restitution or other monetary relief on behalf of absent parties.

### Seventeenth Affirmative Defense

ABS alleges that it has performed all obligations on its part except those obligations that it was excused from performing, and that by reason thereof, Plaintiff is barred from any recovery from ABS.

### Eighteenth Affirmative Defense

ABS alleges that the business practices relating to the allegations in Plaintiff's Complaint are fair.

### Nineteenth Affirmative Defense

ABS alleges that the benefit of the business practices relating to the allegations in Plaintiff's Complaint outweigh the harm or impact practices may cause to Plaintiff.

### Twentieth Affirmative Defense

ABS's conduct is not deceptive within the meaning of Cal. Bus. & Prof. Code § 17200.

### Twenty-First Affirmative Defense

Plaintiff is barred from recovery because at all times ABS was acting in good faith based on all relevant facts and circumstances known by them.

### Twenty-Second Affirmative Defense

Damages, if any, are attributable to the conduct of persons other than ABS, and not to any action or activity of ABS.

### Twenty-Third Affirmative Defense

Any monetary relief is subject to offset by the benefits received by consumers, costs associated with the sale of services, and/or refunds paid to consumers.

### Twenty-Fourth Affirmative Defense

If ABS is subject to any liability herein, it will be due in whole, or in part, to the acts and/or omissions of other parties, and any recovery or relief obtained by Plaintiff should be barred or reduced according to law, up to, and including the whole thereof.

### Twenty-Fifth Affirmative Defense

Plaintiff is not entitled to consumer relief or other equitable relief because there exists an adequate remedy at law.

### Twenty-Sixth Affirmative Defense

Any acts by ABS were committed in the exercise of good faith and with probable cause, and were reasonably justified under the circumstances.

### Twenty-Seventh Affirmative Defense

Plaintiff lacks standing to assert the claims in the Complaint.

### Twenty-Eighth Affirmative Defense

The Complaint, and each and every cause of action set forth therein, fails to state facts sufficient to warrant an award of damages to Plaintiff for attorneys' fees, expert witness fees and all other litigation fees, costs and expenses, if alleged against ABS.

### Twenty-Ninth Affirmative Defense

ABS has not engaged in any conduct violative of Section 2890(a) of the California Public Utility Code.

### Thirtieth Affirmative Defense

Plaintiff has sustained no damages as a result of any action or inaction on the part of ABS.

### Thirty-First Affirmative Defense

Damages, if any, were caused by the actions and/or omissions of other parties. All such parties owe a duty of contribution and damages relative to their actions and/or omissions must be properly apportioned.

### Thirty-Second Affirmative Defense

Plaintiff cannot maintain a claim for punitive damages as a matter of law.

### Defenses Reserved

To the extent any allegation in the Complaint has not been specifically admitted herein, it is hereby denied. ABS further denies that Plaintiff is entitled to any relief whatsoever. The

foregoing affirmative defenses are raised by ABS without waiver of any other defenses that may come to light during the discovery proceedings in this case or otherwise. ABS hereby reserves the right to amend or supplement its Answer to assert any other related defenses as they become available.

WHEREFORE, ABS requests an order:

A. Dismissing Plaintiff's Complaint and every claim therein with prejudice;

B. Entering judgment against Plaintiff and in favor of ABS;

C. Denying Plaintiff any damages;

D. An award of all allowable penalties, costs, interest and fees (including attorneys' fees); and

E. Awarding such further and additional relief as this Court deems just and equitable.

ABS hereby requests a jury trial on all applicable claims.

DATED: November 30, 2009

Respectfully submitted,

Advanced Business Services, LLC

By: /s/ Andrew B. Lustigman
Andrew B. Lustigman (pro hac)
andy@lustigmanfirm.com
**THE LUSTIGMAN FIRM, P.C.**
149 Madison Avenue, Suite 805
New York, New York 10016
Telephone: (212) 683-9180
Fax: (212) 683-9181

D. Jay Ritt
ritt@brttlaw.com
**BENSINGER, RITT, TAI & THVEDT**
65 North Raymond Avenue, Suite 320
Pasadena, California 91103
Telephone: (626) 685-2550
Fax: (626) 685-2562

# **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT ADVANCED BUSINESS SERVICES, LLC TO PLAINTIFF'S COMPLAINT**, was served upon all counsel of record in this case, via the Court's electronic filing system and pursuant to L.R. 5-3.3, on November 30, 2009.

/s/ Andrew B. Lustigman