LINER GRODE STEIN YANKELEVITZ SUNSHINE
REGENSTREIF & TAYLOR LLP
Angela C. Agrusa (State Bar No. 131337)
Email: aagrusa@linerlaw.com
Lori L. Werderitch (State Bar No. 247345)
Email: lwerderitch@linerlaw.com
1100 Glendon Avenue 14th Floor
Los Angeles, CA 90024
Tel: 310-500-3500; Fax: 310-500-3501

McNICHOLAS & McNICHOLAS, LLP
Patrick McNicholas (State Bar No. 125868)
Email: pmc@mcnicholaslaw.com
Catherine B. Schmidt (State Bar No. 212827)
Email: cbs@mcnicholaslaw.com
10866 Wilshire Boulevard, Suite 1400
Los Angeles, California 90024-4338
Tel: 310- 474-1582; Fax: 310-475-7871

LAW OFFICES OF MICHAEL J. JAURIGUE
Anthony David Sbardellati (State Bar No. 246431)
Email: anthony@loomj.com
411 N Central Ave Ste 310
Glendale, CA 91203
Tel: 818-432-3273; Fax: 888-879-1697

Attorneys for Plaintiff The Dominic Corea Limited Partnership
d/b/a Roma D'Italia

[additional counsel next page]

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE DOMINIC COREA LIMITED PARTNERSHIP d/b/a ROMA D' ITALIA, and all others similarly situated,<br><br>               Plaintiffs,<br>  vs.<br><br>ILD TELECOMMUNICATIONS, INC., a Delaware Corporation, d/b/a ILD TELESERVICES, INC.; ADVANCED BUSINESS SERVICES, LLC, a Utah limited liability company; and DOES 1 through 50, inclusive,<br><br>               Defendants. | Case No. CV 09-7433-GHK-CT<br><br>Honorable George H. King, Courtroom 650<br><br>**REPORT OF PARTIES' PLANNING MEETING**<br><br>Scheduling Conference:<br>Date:     January 11, 2010<br>Time:    1:30 p.m.<br>Courtroom: 650 |

WILDMAN, HARROLD, ALLEN & DIXON LLP
Clinton J. McCord (State Bar No. 204749)
Email: mccord@wildman.com
9665 Wilshire Blvd., Suite 200
Beverly Hills, CA 90036-5013
Tel: 310-860-8715; Fax: 310-860-3815

BURR & FORMAN, LLP
Gregory F. Harley (Pro Hac)
Email: GHarley@Burr.com
171 Seventeenth St., NW, Suit 1100
Atlanta GA 30363
Tel: 404-685-4243; Fax: 404-214-7390

Attorneys for Defendant ILD Telecommunications, Inc.


THE LUSTIGMAN FIRM, P.C.
Andrew B. Lustigman (Pro Hac)
Email: andy@lustigmanfirm.com
Jill L. Abitbol (NY Registration No. 2820538)
Email: jill@lustigmanfirm.com
149 Madison Avenue, Suite 805
New York, New York 10016
Tel: 212-683-9180; Fax: 212-683-9181

BENSINGER, RITT, TAI & THVEDT
A Limited Liability Partnership
D. Jay Ritt (State Bar No. 138661)
65 North Raymond Avenue, Suite 320
Pasadena, California 91103
Tel: 626-685-2550; Fax: 626-685-2562

Attorneys for Defendant Advanced Business Services, LLC

TO ALL PARTIES, THEIR ATTORNEYS OF RECORD AND TO THE HONORABLE COURT:

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's Order Setting Scheduling Conference entered on October 29, 2009 (Revised as of December 2008) ("Oct 29 Order"), Plaintiff The Dominic Corea Limited Partnership d/b/a Roma D'Italia ("Plaintiff"), defendant ILD Telecommunications, Inc., d/b/a ILD Teleservices, Inc. ("ILD"), and defendant Advanced Business Services, LLC ("ABS") hereby submit this Report of the Parties' Planning Meeting in advance of the scheduling conference currently set for January 11, 2010, at 1:30 p.m. In this report, the parties address the subjects set forth in the Oct 29 Order, Federal Rule of Civil Procedure 26(f), and Local Rule 26-1.

## I. OCT 29 ORDER SUBJECTS

### A. The Basis For Subject Matter Jurisdiction.

Defendant ILD removed this case from the Superior Court of the State of California, County of Los Angeles, Central District under the Class Action Fairness Act of 2005, P.L. 109.2, as codified at 28 U.S.C. §§ 1332(d) and 1453 ("CAFA"). According to the Notice of Removal of Civil Action From the Superior Court for the State of California for the County of Los Angeles, filed by ILD, "Based on the allegations contained in Plaintiff's Complaint, this putative class action consists of at least 100 proposed class members, the citizenship of at least one proposed class member is different than that of Defendant ILD, and the matter in controversy, after aggregating all of the class members' claims, exceeds $5,000,000.00, exclusive of interest and costs." See Docket No. 1 at 2:5-9.

### B. A Concise Statement Of The Factual And Legal Basis Of The Claims And Defenses.

#### 1. Plaintiff's Statement

The Federal Communications Commission ("FCC") defines "cramming" as "the practice of placing unauthorized, misleading, or deceptive charges on your telephone bill." *See* FCC Publication titled "Unauthorized, Misleading, or Deceptive Charges placed on your phone bill – Cramming,' " (July 1,2008), attached to the Complaint as Exhibit A. Plaintiff brings this action on

behalf of itself and thousands of California residents and entities who were charged substantial sums of money on their telephone bills for services they never authorized at rates that were never disclosed to them.

On or about July 7, 2009, Plaintiff discovered that its June 22, 2009 telephone bill from AT&T contained an unauthorized charge from ILD Teleservices for $49.95 described as "ADVANCED BUS. SVCS, LLC-EFAX SVC MTHLY." A copy of Plaintiff's June 2009 AT&T phone bill is attached to the Complaint as Exhibit B. Plaintiff then reviewed its bills for the prior 17 months and discovered that its AT&T phone bills each contained the same unauthorized charge from ILD Teleservices for $49.95 described as "ADVANCED BUS. SVCS, LLC-EFAX SVC MTHLY." Plaintiff never requested e-fax services from ABS, never authorized ABS to charge it for those services, and was never aware until July 7, 2009, that its phone line was even equipped with e-fax services. Indeed, until July 7, 2009, Plaintiff was unaware of the existence of ABS. As the provider of the alleged "e-fax" services, ABS knew, or should have known, that it failed to obtain authorization for these fees.

When Plaintiff called AT&T to request a refund, it learned that ILD directed that Plaintiff's June 22, 2009 AT&T bill was to include a charge of $49.95 for an e-fax service from ABS. ILD is a billing aggregator that acts on behalf of vendors of telecommunications services, such as Defendant ABS, in allegedly "cramming" consumers' telephone bills. Plaintiff alleges that ILD knows or has reason to know, but systematically disregards, that it is engaged in a scheme of placing unauthorized charges onto consumers' local telephone bills. As a result, ILD collects payment for unauthorized services of which the consumer is entirely unaware. When Plaintiff requested a refund of the unauthorized charges, both ILD and ABS refused.

ILD has been the subject of enforcement actions brought by the Federal Trade Commission ("FTC") based on allegations of cramming activity, and has entered into settlement with the FTC providing for fines, restitution, and injunctive relief. *See, e.g., F.T.C. v. 800 Connect, David Stein and ILD Telecommunications, Inc. and d/b/a ILD Teleservices. Inc.*, United States District Court, Southern District of Florida, Case No. 03-cv-60150. Further, the FCC received over 450

complaints alleging that ILD engaged in illegal cramming in 2008 alone. "Phone Bill Cramming Spikes Again: Phantom Charges Sneaked Onto Statements Across the U.S." (MSNBC, January 30,2009), http://www.msnbc.msn.com/id/3078500/. Similarly, consumer protection websites such as http://www.ripoffreport.com contained hundreds of complaints about the cramming activities of both ILD and ABS. Despite the FTC action, media reports detailing their fraudulent scheme, and hundreds if not thousands of consumer complaints against them, ILD continues to engage in illegal cramming of consumers' telephone bills.

Similarly, as the billing aggregator for ABS, ILD knew, or should have known, whether the charges it caused to be placed on consumers' telephone bills were ever authorized. Regardless, Plaintiff alleges that both defendants continue to engage in and assist each other in the practice of cramming, and have unjustly obtained millions of dollars in revenue for unauthorized charges from unwitting consumers.

Based on these allegations, Plaintiff has pled causes of action under the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, and California Public Utility Code section 2890. Plaintiff seeks damages, restitution, injunctive relief, attorneys' fees, and costs, on behalf of itself and a class of others similarly situated. Plaintiff will seek cooperation from ABS and ILD and permission from the Court for leave to file an amended complaint to refine its claims and prayer for relief.

### 2. Defendant ILD's Statement

ILD provides billing clearinghouse services for more than 140 service provider customers, including nationally known companies such as Verizon Select Services, Inc. and Earthlink. ILD processes more than 110,000,000 billing records per year acting as an interface between its service provider customers and Local Exchange Carriers ("LEC's") by forwarding the service providers' billing records to the applicable LEC for inclusion on the service providers' customer's local phone bill. ILD's service provider clients include operator services companies, inmate telecommunications providers, long distance telephone service providers, internet service providers, web-hosting companies, directory assistance operators and voice mail service providers.

ILD is not involved in the underlying transaction between the service provider and its customer. Thus, in order to utilize ILD's services, the service providers must have authorization from each of their individual customers showing that the customer ordered the service and agreed to be billed via the customer's local phone bill. The service providers use different forms of authorization. Some service providers, like ABS, use third party verification companies that make, and maintain, an audio recording of the end user authorizing the applicable service.

After obtaining individual authorizations from their customers, the service providers electronically submit their billing data to ILD on a monthly basis. ILD then aggregates the data into the appropriate billing format and forwards the billing information to the appropriate LEC where it is formatted and inserted on an end user's local phone bill. The actual message from each service provider that appears on an end user's phone bill is unique. By way of example, in this case, ILD forwarded billing data from its client, ABS, to AT&T relating to charges incurred by the Plaintiff. Among other information, the description of the services on a standalone page of the bill provided: "6-2 ADVANCED BUS.SVCS.LLC-E-FAXSVCMTHLY."

ILD denies any liability to the Plaintiff for the claims asserted in this case. Based on the authorization obtained by ABS, it appears that the charges at issue were authorized. However, as a billing clearinghouse engaged in forwarding billing information from ABS to the Local Exchange Carrier, ILD should not be liable to the Plaintiff even if the alleged charges were unauthorized. Finally, the charges at issue are clearly and conspicuously set forth on the Plaintiff's phone bill. Plaintiff could have easily prevented any alleged harm by simply reading its phone bill.

### 3. Defendant ABS' Statement

ABS provides its business customers with electronic fax, on-line technical support, and computer and Internet security products. ABS's electronic fax service that is the subject of the dispute herein allows ABS customers to use the Internet to send and receive faxes. The service also allows ABS customers to manage and store faxed documents on their computer and eliminates the need for a separate fax line and a bulky fax machine. In connection with this service, ABS also provides technical support to assist with troubleshooting and installation, among other things, as

well as related software products. All of these services cost $49.95 per month. There is no long term commitment and a customer can cancel at any time. ABS primarily markets its services via telemarketing only to businesses, not to individuals. ABS's telemarketers are well-trained and ABS takes numerous steps to make sure that its orders are legitimate and that customers who order the service were advised as to the terms and conditions and had the authority to order the service. In addition to training its sales representatives and using a recorded verification, ABS subjects all orders to numerous validity checks prior to activation and initial billing. Once an order passes validation and quality control, the customer is sent welcome and fulfillment materials for the service. ABS's records reflect that an ABS representative spoke to an authorized representative for plaintiff's business, who ordered the service at issue over the telephone. The order, including the provision of the terms and conditions and the representative's assent and authorization, was recorded. The terms and conditions of the service at issue were clearly disclosed to plaintiff's representative and the appropriate authorizations were obtained. Following the call, the welcome fulfillment package, which once again set forth the terms and conditions of the service, was sent to plaintiff's business address.

Based on the foregoing, specifically the authorization for the services at issue provided to ABS by plaintiff, through its representative, ABS denies any liability to the plaintiff for the claims asserted in this case. Further, this action may not be maintained as a class action because Plaintiff cannot satisfy the Fed.R.Civ.P. 23 requirements.

7
Report of Parties' Planning Meeting

## C. The Proposed Completion Date For Class Certification Discovery.

The parties propose the following class certification discovery schedule:

| Event | Proposed by Plaintiff | Proposed by ILD | Proposed by ABS |
|---|---|---|---|
| Exchange Rule 26(a)(1) Disclosures | December 23, 2009 | December 23, 2009 | December 23, 2009 |
| Finalize Protective Order | January 15, 2010 | January 15, 2010 | January 15, 2010 |
| Serve First Round of Written Discovery | January 29, 2010 | January 29, 2010 | January 29, 2010 |
| Serve Response to First Round of Written Discovery and Produce Responsive Documents | March 1, 2010 | March 1, 2010 | March 1, 2010 |
| Plaintiff's and other potential witnesses' Depositions | April 15-30, 2010 | April 15-30, 2010 | April 15-30, 2010 |
| 30(b)(6) Depositions | April 30 – May 14, 2010 | April 30 – May 14, 2010 | April 30 – May 14, 2010 |
| Plaintiff's Deadline To File Class Certification Motion | June 11, 2010 | June 11, 2010 | June 11, 2010 |
| Defendants' Deadline To File Opposition To Class Certification | July 9, 2010 | July 9, 2010 | July 9, 2010 |
| Plaintiff's Deadline To File Reply In Support Of Class Certification | August 6, 2010 | July 23, 2010 | July 23, 2010 |
| Hearing On Class Certification* | August 16, 2010 9:30 a.m. (Monday) | August 9, 2010 | August 9, 2010 |
| Deadline to Conduct Post Certification Decision Parties' Planning Meeting | August 30, 2010 | To be determined** | To be determined** |

---

\* If the Court's calendar permits.
\*\* Defendants believe that it is premature to propose dates for any meeting or conference prior to the issuance of decision by the Court on Plaintiff's class certification motion. Accordingly, Defendants will await guidance from the Court regarding such dates.

| Event | Proposed by Plaintiff | Proposed by ILD | Proposed by ABS |
|---|---|---|---|
| Deadline to File Post Certification Decision Parties' Planning Meeting Report | September 6, 2010 | To be determined** | To be determined** |
| Post Certification Decision Scheduling Conference* | September 20, 2010 1:30 p.m. (Monday) | To be determined** | To be determined** |

D.  **The Proposed Dates For Pre-Trial Conference And Trial.**

The parties believe that determination of whether this case proceeds as a class action will shape subsequent discovery, as well as the timing and length of trial. Therefore, the parties request that the Court set a scheduling conference after it renders a decision on class certification ("Proposed Subsequent Scheduling Conference"). The parties propose that merits discovery will be stayed pending a decision from the Court regarding class certification. The time between the class certification hearing and the Proposed Subsequent Scheduling Conference would allow the Court time to take any class certification matters under submission, if necessary, and to issue a ruling. Any additional time would allow the parties to consider the Court's ruling, conduct a planning meeting, and to discuss possibilities of settlement. In their report of the parties' planning meeting and at the Proposed Subsequent Scheduling Conference, the parties will be prepared to provide this Court with: appropriate cut-offs for merits discovery and dispositive motions; a proposed date for a pre-trial conference; a proposed date for trial; and an estimate for the length of trial.

E.  **The Major Procedural Or Evidentiary Problems, If Any.**

The parties believe that determination of whether this case proceeds as a class action will shape discovery, as well as the timing and length of trial.

---

* If the Court's calendar permits.
** Defendants believe that it is premature to propose dates for any meeting or conference prior to the issuance of decision by the Court on Plaintiff's class certification motion. Accordingly, Defendants will await guidance from the Court regarding such dates.

F.  **The Prospects Of Settlement And Proposed (1) Date And (2) Procedure For Compliance With Local Rules 16-15 To 16-15.9.**

All parties agree that further investigation into the allegations of the Complaint is necessary before any meaningful settlement discussions can occur. Once the parties have conducted some further investigation, the parties are willing to engage in settlement discussions. The parties will comply with Local Rule 16-15.2 by filing a Notice of Settlement Procedure Selection, signed by counsel for both sides, not later than 14 days after entry of the Court's scheduling order.

G.  **A Realistic Estimate Of The Number Of Court Days Required To Present Each Side's Case-In-Chief.**

The parties believe that the determination of whether this action proceeds as a class action will significantly impact the parties' trial estimates. The parties request that the Court set a post certification decision scheduling conference, at which time the parties will provide this Court with an estimate of number of court days required to present each side's case-in-chief.

H.  **Whether Trial Is To Be By Jury Or By The Court.**

Plaintiff demands a jury trial.

I.  **The Name Of The Attorney(s) Who Will Actually Try The Case On The Actual Trial Date.**

For Plaintiff, Angela C. Agrusa and Patrick McNicholas will try the case. For Defendant ABS, Andrew B. Lustigman and D. Jay Ritt will try the case. For Defendant ILD, Gregory F. Harley and Clinton J. McCord will try the case.

II. **FEDERAL RULE OF CIVIL PROCEDURE 26(F) SUBJECTS**

The following are subjects listed under Federal Rule of Civil Procedure 26(f):

A.  **The Nature and Basis of Claims and Defenses.**

On December 9, 2009, the parties, by and through counsel, made known their claims and defenses to all parties. *See* section I(B) above.

B.  **Settlement.**

*See* section 1(F) above.

C. **Arrangements for Rule 26(a)(1) disclosures.**

The parties made their initial disclosures in accordance with Federal Rule of Civil Procedure 26(a)(1). See section I(C) above.

D. **Preservation of Discoverable Information.**

The parties have made the necessary arrangements for preserving discoverable information.

E. **Discovery Plan.**

See section I(C) above.

    1. **Changes to Requirements for Initial Disclosures.**

The parties agreed to exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

    2. **Discovery Subjects, Phases, and Timing.**

The parties intend to conduct discovery as to the requirements for class certification as framed by the Complaint. The parties have agreed to limit discovery to class certification issues until this Court has issued a ruling on Plaintiff's motion for class certification. The parties have provided proposals for completion of class certification discovery in section I(C) above.

    3. **Electronically Stored Information.**

The parties stipulate that they may produce electronically stored information in hard copy form, and that they shall preserve all such electronically stored information and its metadata in electronic form. The parties reserve the right to request that the producing party produce such information in electronic form, which includes (a) native form, or as searchable TIFF files, and (b) on either CDROM, or DVDROM, depending on the amount of space required for the produced files. The term "native form" as used herein, encompasses the original form in which a party received or created a document. Thus, if a party received an electronic document as a pdf file, then the native form of the document is a pdf file.

    4. **Privilege and Protection of Trial-Preparation Materials.**

The parties anticipate entering into a stipulation and submitting a proposed protective order for the treatment of confidential materials.

5. **Changes to Limitations on Discovery.**

During class certification discovery, the parties have agreed to be bound by the limitations set forth in Federal Rules of Civil Procedure. Such agreement does not prevent a party from seeking relief from those limitations upon showing of good cause and court approval.

## III. LOCAL RULE 26-1 SUBJECTS

The following are subjects listed under Local Rule 26-1:

A. **Manual for Complex Litigation.**

Plaintiff agrees to utilize the Manual for Complex Litigation, Fourth Edition, to guide their actions in the conduct of this case. Defendants do not believe the Manual for Complex Litigation is needed to guide conduct in this case, at least not at this stage.

B. **Motion Schedule.**

Plaintiff anticipates that any dispositive motions will be filed after the decision on Plaintiff's motion for class certification. Therefore, Plaintiff requests that this issue be addressed at a post certification scheduling conference. Defendants reserve the right to file dispositive motions at any point prior to deadlines imposed by the Court.

C. **Settlement.**

*See* section I(F) above.

D. **Estimate of Time Required for Trial.**

*See* section I(G) above.

E. **Whether Additional Parties Will Appear.**

Plaintiff anticipates that additional parties may be discovered once it has had the opportunity to investigate its claims.

F. **Expert Witnesses.**

The parties agree that the timing for disclosures under Federal Rule of Civil Procedure 26(a)(2) will occur after a decision is issued on Plaintiff's motion for class certification. The parties request that the Court addresses this issue at the proposed post certification decision scheduling conference.

Dated: December 28, 2009

MCNICHOLAS & MCNICHOLAS, LLP, in association with LINER GRODE STEIN YANKELEVITZ SUNSHINE REGENSTREIF & TAYLOR, LLP and THE LAW OFFICES OF MICHAEL J. JAURIGUE

/s/ Patrick McNicholas
Patrick McNicholas
Catherine B. Schmidt
Attorneys for Plaintiff
The Dominic Corea Limited Partnership d/b/a Roma D'Italia

Dated: December 28, 2009

BURR & FORMAN LLP, in association with WILDMAN, HARROLD, ALLEN & DIXON LLP

/s/ Gregory F. Harley
Gregory F. Harley
Attorneys for Defendant
ILD Telecommunications, Inc.

Dated: December 28, 2009

THE LUSTIGMAN FIRM, P.C. in association with BENSINGER, RITT, TAI & THVEDT

/s/ Andrew B. Lustigman
Andrew B. Lustigman
Jill L. Abitbol
Attorneys for Defendant
Advanced Business Services, LLC